Ramon **MONDRAGON–RODRIGUEZ,** a.k.a. Ramon Mondragon Rodriguez, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–73854.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2010.*

Filed Nov. 2, 2010.

Patricia G. Gittelson, Esquire, Law Offices of Patricia G. Gittelson, Van Nuys, CA, for Petitioner.

Julie M. Iversen, Esquire, OIL, Mark Christopher Walters, Esquire, Assistant Director, James A. Hurley, Esquire, Joanne E. Johnson, Esquire, DOJ—U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

MEMORANDUM **

Ramon Mondragon–Rodriguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey,* 512 F.3d 1163, 1166 (9th Cir.2008), and we deny in part and dismiss in part the petition for review.

Because Mondragon–Rodriguez failed to demonstrate a gross miscarriage of justice at his prior proceedings, he may not collaterally attack his 2000 deportation order. See *Ramirez–Juarez v. INS,* 633 F.2d 174, 175–76 (9th Cir.1980) (per curiam) ("This court has consistently held that an alien cannot collaterally attack an earlier exclusion or deportation at a subsequent deportation hearing, in the absence of a gross miscarriage of justice at the prior proceedings."); *Alvarenga–Villalobos v. Ashcroft,* 271 F.3d 1169, 1172–73 (9th Cir.2001) (deportation order under a given rule of law may withstand subsequent judicial change in that rule).

The agency did not err in determining Mondragon–Rodriguez was ineligible for cancellation of removal where his 2000 deportation order terminated his status as a lawful permanent resident. *See* 8 U.S.C. §§ 1101(a)(20), 1229b(a)(1).

We lack jurisdiction to review the agency's denial of Mondragon–Rodriguez's request for voluntary departure. *See* 8 U.S.C. § 1229c(f); *Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).